UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24363-CIV-KING

JOSE CASANOVA,
JOSE L. QUINTANA, and
ERNESTO SANCHEZ,
individually, and on
behalf of others similarly situated,

    Plaintiffs,

v.

IMPACT GLASS SERVICES
LLC, a Florida corporation,
JUAN C. LLINAS, individually,
and YUSSEF SAIEH VELEZ,
individually,

    Defendants.
_____/

**PLAINTIFFS' VERIFIED MOTION FOR ENTITLEMENT TO AN AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. 216(B), 28 U.S.C. §1920 AND SOUTHERN DISTRICT OF FLORIDA LOCAL RULE 7.3**

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Rule 7.03 of the S.D.Fla.L.R. and 29 U.S.C. 216(B), Plaintiffs, JOSE CASANOVA, JOSE L. QUINTANA, and ERNESTO SANCHEZ ("Plaintiffs"), by and through undersigned counsel, file this Verified Motion for Entitlement to an Award of Attorneys' Fees and Costs pursuant to 29 U.S.C 216(B), 28 U.S.C. §1920 and Southern District of Florida Local Rule 7.3 ("Motion") to be awarded to them against Defendants IMPACT GLASS SERVICES, LLC ("Defendant Impact Glass"), JUAN C. LLINAS ("Defendant Llinas") and YUSSEF SAIEH VELEZ ("Defendant Velez") (collectively, "Defendants"). In support thereof, Plaintiffs state as follows:

## FACTUAL AND PROCEDURAL ACKGROUND

1. Plaintiffs filed the present one count complaint against Defendants for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201-216.  [D.E. 1].

2. The Complaint filed in this cause expressly sought the recovery of Plaintiff's Attorney's fees and costs pursuant to the FLSA upon an award of overtime wages to Plaintiffs. [D.E. 1, pg. 14, para. 112].

3. On December 17, 2015, the parties reached a settlement of the Plaintiff's claims for unpaid overtime at mediation.  [D.E. 37].

4. On December 21, 2015, this Court entered a Final Order of Dismissal of this matter. [D.E. 38].

5. On January 11, 2016, Plaintiffs filed their Motion to Approve Settlement and for Dismissal of All Claims [D.E. 39] ("Motion to Approve Settlement").  Specifically, Plaintiff's moved this Court for the entry of an award approving the collective settlement of $25,000.00 in unpaid/underpaid overtime wages and retaining jurisdiction to determine, as it relates to the issue *sub judice*, Plaintiff's Motion for Entitlement of Attorneys' Fees and Costs. [D.E.39].

6. On January 12, 2016, this Honorable Court entered an Order Approving Settlement Agreement and Dismissing Case with Prejudice in which the Court retained jurisdiction to award to Plaintiffs their attorneys' fees and costs.  [D.E. 41].

7. By all accounts, Plaintiffs prevailed in this action.  There can be no dispute that Plaintiffs are the prevailing parties in this action for purposes of entitlement to recovery of their respective attorneys' fees and costs and reasonable expenses of this litigation as authorized by the FLSA, 29 U.S.C. §216(b).

8. Plaintiffs' have complied with Southern District of Florida Local Rule 7.3(b) and provided this Motion to counsel for Defendants' in a good faith attempt to resolve the dispute over Plaintiff's entitlement to and reasonable amount of attorneys' fees and costs claimed. Counsel for the Defendants declined to agree to a reasonable amount of attorneys' fees and advised that Plaintiffs could forego the time periods set forth in Local Rule 7.3 and file the present motion.

## SUMARY OF RELIEF REQUESTED

10. By this Motion, Plaintiffs request that this Court enter a Final Judgment awarding them their attorneys' fees and costs from Defendants IMPACT GLASS SERVICES, LLC, JUAN C. LLINAS and YUSSEF SAIEH VELEZ, jointly and severally, pursuant to Local Rule 7.3 of the Southern District of Florida, 29 U.S.C 216(b) and 28 U.S.C. §1920. As set forth in greater detail below, Plaintiffs claim that the billable hourly rate is reasonable as compared with the prevailing market rates in the Miami-Dade legal community and the amount of the attorney's fees and costs to be awarded to Plaintiffs are reasonableness based on the type of case, the fact that there were three (3) Plaintiffs involved in this matter and the efforts expended during the lengthy litigation of this case.

11. The FLSA, at 29 U.S.C. §216(b), requires that attorneys' fees be awarded to the prevailing Plaintiff(s) in any proceeding to enforce minimum wage or overtime violations. 29 U.S.C. §216(b) ("The Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action").

12. By all accounts and pursuant to the January 12, 2016 Order Approving Settlement Agreement and Dismissing Case with Prejudice [D.E. 41], Plaintiffs are the prevailing parties in the above-captioned matter. As such, the Plaintiffs seek reimbursement of costs pursuant to 29

Case 1:14-cv-24363-JLK   Document 42   Entered on FLSD Docket 01/14/2016   Page 4 of 15

*Casanova v. Impact Glass Service, LLC*
P a g e | 4

U.S.C 216(B), 28 U.S.C. §1920 and Local Rule 7.3 of the Southern District of Florida. The total costs Plaintiffs seek reimbursement of is ONE THOUSAND SIX HUNDRED NINETY FIVE DOLLARS and 50/100 ($1,695.50).

13. In addition and as they are the prevailing parties in this matter, Plaintiffs seek recovery of their attorneys' fees pursuant to 29 U.S.C 216(B) and Local Rule 7.3 of the Southern District of Florida. The total attorneys' fees Plaintiffs seek is SIXTY EIGHT THOUSAND FOUR HUNDRED EIGHTY SEVEN DOLLARS and 50/100 ($68,487.50), plus the additional time that will be required to reply to Defendants' responses and opposition to this motion. Undersigned counsel and his firm have spent 237.30[1] hours in defending this matter. The attorneys that have worked on this matter have been Robert W. Hudson (admitted to the Florida Bar in 1993) whose hourly rate is $350, Jose A. Socorro (admitted to the Florida Bar in 2005) whose hourly rate is $300, Dania Battle (admitted to the Florid Bar in 2009) whose hourly rate is $275, Grissel Seijo (admitted in the New York State Bar on or about 2006 and to the Florida Bar on or about 2010) whose hourly rate is $275, and paralegal time billed at $100 per hour.

14. The total hours incurred herein are detailed in the time sheets attached hereto as **Exhibit "A"** to this Motion.

## MEMORANDUM OF LAW

I. **Plaintiffs are the Prevailing Parties Herein Pursuant to 29 U.S.C. §216(b).**

15. The FLSA makes an award of Attorneys' fees and costs to a prevailing Plaintiff mandatory at 29 U.S.C. §216(b). <u>Chistiansburg v. Garment Co. EEOC</u>, 434 U.S. 412, 415 n.5, (1978); Dale v. Comcast Corp., 498 F.3d 1216, 1221 n.8 (11th Cir. 2007). The United States Supreme Court determined that a plaintiff who received at least some relief on the merits of his/her

---

[1] As of January 12, 2016.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

claim has prevailed. Buckhannon Bd. And Home Care Inc., West Va. Dept. of Health & Human Resources, 532 U.S. 598, 604-4 (2010). Even an award of nominal damages satisfies this standard. Id. Once this low threshold is met, an award of plaintiff's attorneys' fee is mandatory under 29 U.S.C. §216(b). Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing party in FLSA cases."); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (In FLSA cases, "fee awards [are] mandatory for prevailing plaintiffs"); and Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs"). Moreover, until the Court enters an Order awarding attorneys' fees, all time spent by a prevailing party litigating entitlement to attorneys' fees is compensable. Jonas v. Stack, 758 F.2d 567, 568 (11th Cir. 1985). A plaintiff is entitled to recover his attorneys' fees incurred in litigating both entitlement to and the amount of fees to be recovered from the Defendants, because the fee award is based upon 29 U.S.C. 216(b). Thompson v. Pharmacy Corp of Am., 334 F.3d 1242, 1245 (11th Cir. 2004) (discussing propriety of including in a fee award, "fees for litigating fees").

16. Pursuant to the January 12, 2016 Order Approving Settlement Agreement and Dismissing Case with Prejudice [D.E. 41], Plaintiffs are the prevailing parties in the above-captioned matter. Plaintiffs, therefore, have satisfied the low threshold for a determination that they are entitled to recover their attorneys' fees and costs from Defendants. In addition and pursuant to the Jonas and Thompson decisions, Plaintiffs are entitled to recover fees and costs incurred in litigating their entitlement to and amount of attorneys' fees to be recovered in this FLSA matter.

**II.    Plaintiffs' Costs**

17.    Plaintiffs seeks costs pursuant to 28 U.S.C. § 1920 and 29 U.S.C. § 216(b). 28 U.S.C. § 1920 sets out the specific costs that may be recovered. 29 U.S.C. § 216(b) directs the Court to award costs to the prevailing party in an action brought under the Fair Labor Standards Act. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing part unless the court otherwise directs. Fed.R.Civ.P. 54(d)(1). A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). Accordingly, "[a]n enforceable judgment establishes a plaintiff as prevailing party because the plaintiff has received at least some relief based upon the merits of a claim." Id.

18.    Here, Plaintiff prevailed by obtaining a settlement with the Defendants [D.E. 37], which was approved by the Court [D.E. 41] in their favor and, therefore, are entitled to recover reasonable costs.

19.    Specific costs, which may be awarded, are set forth in 28 U.S.C. § 1920, which reads as follows:

A judge or clerk of any of the United States may tax as costs the following:
   a. Fees of the clerk and marshal;
   b. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   c. Fees and disbursements for printing and witnesses;
   d. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   e. Docket fees under §1923 of this title;

  f. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.

28 U.S.C. §1920.

20. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

21. As set forth in the attached Bill of Costs, Plaintiffs seek to recover a total of ONE THOUSAND, SIX HUNDRED AND NINETY-FIVE DOLLARS and 50/100 ($1,695.50) in costs pursuant to 28 U.S.C. § 1920.  The total costs incurred herein are detailed in the Bill of Costs and invoices attached hereto as composite **Exhibit "B"** to this Motion.

22. A delineation of the costs Plaintiffs seek reimbursement of are outlined below:

**A.** **Fee of the Clerk and Service of Process.**

23. Pursuant to 28 U.S.C. §1920(1), Plaintiffs seek to recover $400.00 in filing fees and $280.00 in service of process fees, for a total of $680.00 in costs associated with fees for the Clerk and service of process on Defendants.  It is well established that, "[P]rivate process server fees may be taxed." W&O, 213 F.3d at 623.  Plaintiffs request that the Court deem that the amount requested for these costs is reasonable and the Plaintiffs have sufficiently demonstrated that the costs were necessary.  As such, Plaintiffs request **$680.00** in this category of costs.

**B.** **Court Reporter Fees.**

24. Plaintiffs seek reimbursement in the amount of $498.00 for the court reporter appearance fees for the November 11, 2015 deposition of Yuseff Saieh Velez ($127.00) and the November 12, 2015 deposition of Defendant Juan Llinas ($371.00).  These costs are permitted

under 28 U.S.C. §1920(2) if the printed or electronically recorded transcripts were necessarily obtained for use in the case. Nat'l Bancard Corp., etc. v. Visa U.S.A., Inc., 112 F.R.D. 62 (S.D.Fla. 1986). Herein, the amounts requested for these costs are reasonable and Plaintiffs' sufficiently demonstrated that the depositions of the two individually named defendants were necessarily obtain for use in this case.[2] Plaintiffs request that the Court award them **$498.00** for these costs.

### C. Interpreter Fees

25.  Pursuant to 28 U.S.C. §1920(6), Plaintiffs request $517.50 in costs for interpreter fees related to the November 12, 2015 deposition of Defendant Juan Llinas. It is established that costs associated with interpreters may be recovered under 28 U.S.C. §1920(6). Martinez-Pinillos v. Air Flow Filters, Inc., 2010 WL 6121708 (S.D. Fla. 2010). Herein, the amount requested for this cost is reasonable and Plaintiffs' sufficiently demonstrated that the interpreter fee for the deposition of an individually named defendant was reasonably incurred for use in this case. Plaintiffs request that the Court award **$517.50** for these costs.

## III.  Attorneys' Fees

### A.  Entitlement to Attorneys' Fees

26.  As set forth in more detail above, the Fair Labor Standards Act provides for the recovery of attorney's fees for a prevailing plaintiff. See 29 U.S.C. §216(b). The parties resolved all matters at mediation and this Court entered an order approving the Settlement Agreement signed by all Plaintiffs and all Defendants which provided that Defendants would pay monetary compensation to each Plaintiff to account for unpaid overtime and wages that the Defendants

---

[2] It should be noted that although undersigned counsel engaged in the aforementioned depositions, the actual transcripts thereof were never ordered. As such, recoupment is limited solely to the appearance fee charged by the Court reporter.

wrongfully withheld from Plaintiffs. [D.E. 41]. As such, Plaintiffs are the prevailing parties and are entitled to recover a reasonable attorneys' fee in this matter.

### B. Amount of Fee Awarded.

27.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Henesley Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

#### 1. Reasonable Hourly Rate.

28.  The Court must first evaluate Plaintiffs' requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum, 465 U.S. at 896. In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993).

29. Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony are inadequate. Id. at 1303 (citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty., 526 F.2d 865, 868 (5th Cir. 1976)).

30. Undersigned counsel seeks reimbursement at the following hourly rates for each of the following attorneys/paralegals who worked on this matter:

| Name | Years of Practice | Hourly Rate | Hours Spent | Total |
|---|---|---|---|---|
| **Robert W. Hudson** | 22 | $350 | 21.70 | $7,595.00 |
| **José A. Socorro** | 11 | $300 | 107.50 | $32,250.00 |
| **Dania Battle** | 6 | $275 | 57.40 | $15,785.00 |
| **Grissel Seijo** | 9 | $275 | 44.50 | $12,237.50 |
| **Paralegal—Mabel Gonazlez** | (N/A) | $100 | .80 | $80.00 |
| **Paralegal—Maria Vera** | (N/A) | $100 | 5.40 | $540.00 |
| **TOTAL** | | | | **$68,487.50** |

31. The hourly rates sought herein are reasonable as noted by decisions within this district. Specifically, this District has held that lawyers that have been practicing for over 15 years and prevail in FLSA cases are entitled to a rate of $400/hour. Valley v. Ocean Sky Limo, 2015 WL 410074 (S.D. Fla. 2015). Less experienced lawyers have also recovered $400 per hour in this Court. See e.g., CC-Aventura, Inc. v. Weitz Co., 2008 WL 276057 (S.D. Fla. 2007) (awarding an

8 year associate $400.00 per hour) (Simonton, M.J.); see also Medrano v. Mi Colombia Bakery, Inc., 2013 WL 1748403, at *3 (S.D. Fla. 2013) (awarding $375.00 per hour as a reasonable rate).

32. As evidenced by the foregoing citations, the rates sought by Plaintiffs' counsel are lower than those recovered in other FLSA matters by attorneys with the same, similar or lesser experience than Plaintiffs' lawyers here. Accordingly, Plaintiffs request that the Court find that the requested hourly rates are reasonable.

### 2. The Hours Claimed Herein Were Reasonably Expended.

33. Once having determined that the requested rates are reasonable, the Court must next evaluate Plaintiffs' requested fee for reasonableness in terms of the total hours expended by undersigned counsel.

34. Courts must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. Id. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of his/her time expenditures. Hensley, 461 U.S. at 437. If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded. Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it

provides adequate explanation for the decrease." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 11th Cir. 2001). Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced." Id. at 808.

35. In the instant case, after careful review of the time records, Plaintiffs request that the Court find that the hours spent by Mr. Hudson, Mr. Socorro, Mrs. Battle and Mrs. Seijo, as well as, Mrs. Vasquez and Ms. Gonzalez were reasonable. This matter was brought by three (3) different Plaintiffs and has been heavily litigated for over one (1) year. Moreover, the claims, facts and relief sought by each of the three (3) Plaintiffs differed and, as such, the discovery, motion practice and depositions were catered to the unique facts of each Plaintiff's claim.

36. Specifically, counsel for Plaintiffs engaged in extensive discovery by serving four (4) sets of interrogatories, one (1) set of Requests for Admissions and two (2) sets of Requests for Production on behalf of all three Plaintiffs. Relatedly, counsel for Defendants filed multiple responses to the above-referenced discovery requests and produced a great deal of documents and surveillance tape pertaining to each Plaintiffs as well as to the Defendants.

37. In addition, counsel for Defendants propounded various discovery requests that undersigned counsel initially responded to and them supplemented during the course of this litigation. Specifically, counsel for Defendants propounded two (2) sets of Requests for Production and two (2) sets of Interrogatories upon the three Plaintiffs. Plaintiffs' counsel filed responses and supplemental responses to all four (4) sets of discovery requests. In total, the parties have exchanged almost one thousand (1,000) pages of documents in this matter.

38. In addition, the parties have attended Court mandated conferences including a settlement conference and mediation, which each lasted over six (6) hours. Moreover, the parties

have prepared for and attended the deposition of all five (5) named parties to the lawsuit herein, each of which has lasted between five (5) and ten (10) hours, exclusive of preparation time.

39. In total, Plaintiffs request reimbursement for 237.30[3] hours for the time spent litigating in this matter. Specifically, Plaintiffs request reimbursement for 21.70 hours by Robert W. Hudson, Esq.; 107.50 hours by José A. Socorro, Esq.; 57.40 hours by Dania Battle, Esq.; 44.50 hours by Grissel Seijo, Esq.; .80 hours by Paralegal Mabel Gonzalez; and 5.40 hours by Paralegal Maria Vazquez in this matter. (See Exhibit "A").

40. In light of the foregoing, Plaintiffs seek recovery of their attorneys' fees pursuant to 29 U.S.C 216(B) and Local Rule 7.3 of the Southern District of Florida in the amount of SIXTY EIGHT THOUSAND FOUR HUNDRED EIGHTY SEVEN DOLLARS and 50/100 ($68,487.50), plus the additional time that will be required to reply to Defendants' responses and opposition to this motion. (See Exhibit "B").

## CONCLUSION

41. As set forth herein, Plaintiffs respectfully request that the Court to find that Plaintiffs, JOSE CASANOVA, JOSE L. QUINTANA, and ERNESTO SANCHEZ are the prevailing parties in this matter pursuant to 29 U.S.C. 216(b) and award to them thereby entitling them to recover attorneys' fees and costs from Defendants IMPACT GLASS SERVICES, LLC, JUAN C. LLINAS and YUSSEF SAIEH VELEZ, jointly and severally [See D.E. 41].

42. Specifically, this Honorable Court should determine that the costs incurred, as well as, the amount of hours spent by counsel for Plaintiffs are/were reasonable. To that end, the Court should grant a total reimbursement of costs and attorneys' fees to Plaintiffs in the amount of SEVENTY THOUSAND ONE HUNDRED EIGHTY THREE DOLLARS and 00/100

---

[3] As of January 11, 2016.

($70,183.00).  The forgoing amount is broken down as follows: $1,695.50 as a total costs award; $67,867.50 as an award for Mr. Hudson's, Mr. Socorro's, Mrs. Battle's and Mrs. Seijo's work, collectively and $620.00 as an award for the paralegal work performed by Mrs. Vasquez and Ms. Gonzalez, collectively.

## **RULE 7.1 AND 7.3 CERTIFICATION**

43. The undersigned counsel has conferred with counsel for Defendants regarding the relief requested herein in a good faith effort to resolve the issues raised in this motion but the parties have been unable to reach an agreement on the relief sought.  Moreover, counsel for Defendants instructed undersigned counsel to proceed with filing this motion but declined to (1) describe, in writing and with reasonable particularity, each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, or (2) provide supporting legal authority as required by Local Rule 7.3(b) of the Southern District.

Respectfully submitted,

**HUDSON & CALLEJA, LLC**
355 Alhambra Circle
Suite 801
Coral Gables, Florida 33146
Telephone:  (305) 444-6628
Facsimile:   (305) 444-6627
jsocorro@hudsoncalleja.com
rhudson@hudsoncalleja.com

BY:  /s/ José A. Socorro
**JOSÉ A. SOCORRO**
Florida Bar No.: 011675
**ROBERT W. HUDSON**
Florida Bar No.: 993875

Verified by:  /s/ José A. Socorro

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016, I electronically filed the foregoing document with the Clerk of the Courts using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

BY:  /s/ José A. Socorro
**JOSÉ A. SOCORRO**
Florida Bar No.: 011675

## SERVICE LIST
CASE NO. 14-24363-CIV-KING

*Counsel for Defendants*

Leslie Langbein, Esq.
langbeinpa@bellsouth.net
LANGBEIN & LANGBEIN, P.A.
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Telephone: (305) 556-3663
Facsimile:  (305) 556-3647